### DUNNING *v.* SAYWARD & A<small>L</small>.

If a promissory note not negotiable be assigned before it is due, and notice thereof be given to the maker, who afterwards pays the money to the promissee ; in an action subsequently brought in the name of the promissee, for the benefit of the assignee, it is a good defence that the assignment was void, having been made without valuable consideration.

And this, though the defendant had previously been summoned as the trustee of the promissor in a foreign attachment, and disclosing the mere fact of the assignment had been discharged.

T<small>HIS</small> cause, which was *assumpsit* upon a promissory note, came before the Court upon a point reserved by the Judge who presided at the trial, and who directed a verdict for the defendants, subject to the opinion of the Court upon the facts appearing in evidence, which were these.

The defendants, *July* 11, 1817, gave their note for $106,50, *payable in lime* on or before *October* 20, 1819, to the plaintiff or his order ; which note the plaintiff, *November* 28, 1817, indorsed and assigned to one *Russ, for whose benefit this action is brought.* On and before *January* 1, 1818, the defendants had notice of this assignment, and were furnished with a copy of the note and of the assignment thereon ; and being summoned as the trustees of *Dunning* in a foreign attachment, they disclosed the assignment, and were thereupon discharged. Afterwards, *October* 6, 1819, the defendants paid the note to *Dunning.* The note was not produced at the trial, there being proof of its loss ; and the defence now made was, that the assignment to *Russ* was without consideration, fraudulent, and void ; and that therefore payment was rightfully made to *Dunning.*

*Longfellow* and *Thayer, for the plaintiff,* contended that wherever upon the face of it an assignment appears to be fair, the law presumes it to be so, and the parties are bound by it ; and here the only evidence of the assignment results from the disclosure of the defendants, in which they represented it as *bona fide* and were thereupon discharged, and ought not now to be admitted to say the contrary.

*Orr, for the defendants.*

The action is upon a note not negotiable, which, before the

Dunning *v.* Sayward & al.

day of payment, was paid to the promissee, and this is *in law* a bar. The suit then is an appeal to the equity-powers of the Court. But the *equity* which Courts of law will protect, is a *bona fide* assignment, for a *valuable consideration*, and without notice. Yet here the plaintiff demands payment a second time, to transfer it to his *cestui que trust*, and the jury have found the creation of this same trust to be fraudulent. There being therefore no good faith in the assignment, the defence is good upon the principles of law.

Mellen C. J. delivered the opinion of the Court as follows:

From the necessity of the case the action is brought in the name of the original promissee, though for the benefit of the assignee. The payment which was made to the promissee after due notice of the assignment, is denied to be a good defence, because the law takes notice of the equitable interest of an assignee, and protects it. This is true, and the principle is established by numerous cases; but the law does not interpose and protect any but an *equitable interest*. In the present case it appears by the verdict of the jury that the assignee had no such interest, that the assignment to him was without any valuable consideration, and moreover was made with a fraudulent intent as to the creditors of *Dunning*. It is not necessary to inquire how far the promissors have an interest in this question of fraud, or a right to shew the assignment void by reason of the fraud; for this question is not presented by the report, and could not be; as it is understood that all the evidence on this subject was admitted to the jury and discussed without objection; but they certainly may shew the want of consideration.

It was urged for the plaintiff that as the defendants had once disclosed the assignment in the foreign attachment, and been discharged, they ought not now to be received to make the above objection. Still, the facts relating to the fraud and want of consideration are before us; and besides, it does not appear that the defendants knew of those facts at the time of their disclosure.

As it appears that no interest in the note was assigned, the assignee can lose nothing, and there is no interest in him requiring protection. The assignment being void, it is as if there had

been no assignment; and then upon what pretence can this action be maintained? The debt has been paid according to the promise, to the party who was entitled to receive it. If we should set aside the verdict and grant a new trial, the obvious tendency of the measure would be to give the plaintiff an opportunity to render a fraud successful, and thereby subject the defendant to a second payment of the note.

*There must be judgment on the verdict.*